UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 3:01-CR-304-8<br>Civil Action No. 3:13-CV-538 |
| YHINE HINES, | |
| Petitioner. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Yhine Hines' "Request Pursuant to 28 U.S.C. § 2255(f)(3)" ("§ 2255 Motion") (ECF No. 588). For the reasons set forth below, the Court DENIES the § 2255 Motion.

I.     **BACKGROUND**

a.  *Factual Background*

According to information contained in the Government's file, from at least 1992 until 2001, a criminal organization known as the "Fulton Hill Hustlers" or "FHH" engaged in the distribution of cocaine base, and committed acts of violence, primarily in the Richmond and Henrico County, Virginia areas. Petitioner, Yhine Hines ("Hines"), was engaged in the conspiracy to distribute cocaine base from 1993 until 2001. Hines was a "street level distributor." Additionally, Hines was present during the murder of Lionel Patron ("Patron") on July 16, 1997. Hines encouraged one of his co-conspirators to shoot Patron and assisted in wiping fingerprints from the apartment after the murder.

b.  *Procedural Background*

On October 16, 2001, a federal grand jury in the Eastern District of Virginia returned a one-count indictment against Hines. A Superseding Indictment on November 20, 2001 charged Hines with (1) violations of the Racketeering Influenced and Corrupt Organizations ("RICO")

1

Act, in violation of 18 U.S.C. § 1962(c); and (2) conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846.[1]

Hines subsequently entered into a Plea Agreement with the United States, wherein he would plead guilty to Count Two of the Superseding Indictment and the United States would move to dismiss Count One. On March 11, 2002, Hines pleaded guilty to Count Two. On May 30, 2002, this Court sentenced Hines to 300 months' imprisonment, five years' supervised release, a $100 special assessment, and $5,662.23 in restitution. Hines did not appeal his sentence. On June 18, 2003, the Court granted a motion by the United States to reduce Hines' sentence.

On August 9, 2013, Hines filed the instant § 2255 Motion. In his § 2255 Motion, Hines alleges one ground for relief:

Ground One:    Violation of the rule of criminal procedure announced in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The United States filed a response in opposition on September 20, 2013 ("Opp'n Mem.") (ECF No. 591), and Hines subsequently filed a reply on October 17, 2013 ("Reply Mem.") (ECF No. 592).  The issue is now ripe for review.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958);

---

[1] At the time of Hines' sentencing, the drug conspiracy crime carried a mandatory minimum sentence of ten years and a maximum of life imprisonment. (*See* Presentence Investigation Report ("PSR"), ECF No. 533.)

*United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court generously interprets Hines' factual allegations and legal contentions.

## III.   DISCUSSION

Hines alleges that he was sentenced in violation of the Supreme Court's ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), after the district court allegedly sentenced Hines to "a crime that he didn't take a plea agreement to." (§ 2255 Mot. at 1.)  However, as the Government notes, Hines' claim is clearly barred.

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which: (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right asserted, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered through the exercise of due diligence. *Id.* The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling, *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

With regards to the first prong of § 2255(f), a judgment becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the

defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Here, this Court sentenced and entered judgment against Hines on May 30, 2002. Hines had fourteen days from that date to file a direct appeal. *See* Fed. R. App. P. 4(b)(1). Hines did not file an appeal. Consequently, his sentence became final on June 13, 2002. *See Clay*, 537 U.S. at 527. He therefore had one year from June 13, 2002 to file his § 2255 Motion. 28 U.S.C. § 2255(f). Hines, however, did not file his instant Motion until August 9, 2013–more than ten years after the one-year statute of limitations had run. As a result, the present § 2255 Motion is certainly time-barred under the first prong of § 2255(f).

As to the third prong of § 2255(f), that being a new right recognized by the Supreme Court and made retroactively applicable to cases on collateral review, Hines still fails to surpass the statute of limitations. Hines' § 2255 Motion centers on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. Hines alleges that this opinion created a new substantive, retroactive ruling, which allows him to pursue the immediate collateral appeal. However, contrary to Hines' assertions, although *Alleyne* did announce a new constitutional rule of criminal procedure, the case is not retroactive on collateral review. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013); *Ferranti v. United States*, No. 1:91CR337-A, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). *Alleyne* was decided on June 17, 2013. Hines was sentenced by this Court on May 30, 2002. Therefore, as *Alleyne* is not retroactive, Hines' instant § 2255 Motion is barred. *See* 28 U.S.C. § 2255(f).

Hines tries to avoid this inevitable conclusion by arguing that he was sentenced to a charge that was not contained in the plea agreement. Specifically, he argues that he pled guilty

4

to a drug conspiracy "but was sentenced to something other than what he plead guilty too [sic]." (Reply Mem. at 1.)[2] He claims this was a substantive error and "clearly an *Alleyne* issue." (*Id.* at 2.) But contrary to Hines' allegation, this is not "clearly an *Alleyne* issue." "[T]he holding of *Alleyne* is irrelevant to this case because [Hines] entered a guilty plea and specifically admitted . . . the fact used to support his mandatory minimum sentence." *United States v. Wimberly*, 529 F. App'x 525, 2013 WL 3214988, at *1 (6th Cir. June 26, 2013). Therefore, Hines cannot circumvent the statute of limitations imposed on his § 2255 Motion.

## IV. **CERTIFICATE OF APPEALABILITY**

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Hines is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## V. **CONCLUSION**

For the foregoing reasons, the Court hereby DENIES the § 2255 Motion and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

---

[2] The Court reasonably assumes Hines is referring to the fact that his guidelines were based on a cross reference to First Degree Murder, pursuant to U.S.S.G. §§ 2A1.1(a), and not cocaine base. (*See* PSR, Worksheet A, ECF. No. 533.)

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___28th___ day of May 2015.